```
United States District Court
   District of Massachusetts
```

|  |  |
|---|---|
| ELEANOR KERRISSEY, ) | |
|  ) | |
|  Plaintiff, ) | |
|  ) | |
|  v. ) | Civil Action No. |
|  ) | 19-10243-NMG |
| COMMERCIAL CREDIT GROUP, INC. ) | |
| and ALEX LYON & SON SALE ) | |
| MANAGERS & AUCTIONEERS, INC., ) | |
|  ) | |
|  Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Eleanor Kerrissey ("Kerrissey" or "plaintiff") filed a complaint against Commercial Credit Group, Inc. ("CCG") and Alex Lyon & Son Sale Managers & Auctioneers, Inc. ("Lyon & Son") (collectively "defendants") alleging numerous violations of Massachusetts state law, including a claim for unfair and deceptive practices pursuant to M.G.L. c. 93A, for conduct related to a public auction. Plaintiff seeks injunctive and declaratory relief, as well as treble damages including costs and attorneys' fees. She alleges that defendants engaged in unfair and deceptive practices by making various misrepresentations at the auction and thus did not conduct it in a commercially reasonable manner as required by Massachusetts law. As a result of that allegedly sham auction, plaintiff

-1-

asserts that the construction equipment sold at that auction was sold at a price well below market value which harmed her security interest in that collateral.

On February 7, 2019, Kerrissey filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction seeking to void the public auction and enjoin the consummation of certain sales made at that auction. For the reasons that follow, the motion for a preliminary injunction will be denied.

I. **Background and Procedural History**

   A. **The Parties**

Eleanor Kerrissey is a Massachusetts resident. Her son, Joseph Kerrissey, is the manager of two limited liability companies, JDHE Holding, LLC ("JDHE") and J. Kerrissey, LLC ("JKLLC"). JKLLC is a construction and demolition company. Both companies own construction equipment, including hydraulic excavators, wheel loaders and tractors. Plaintiff is a secured creditor of her son's two companies and has a security interest in that construction equipment and other property of her son.

CCG is a Delaware corporation that provides financing for equipment used in the construction, manufacturing, transportation and waste industries. CCG also holds a security interest in the construction equipment owned by JDHE and JKLLC and its security interest is senior to that of plaintiff. Lyon

& Son is an auction company that specializes in the auctioning of construction equipment.

   **B.   Facts**

In August, 2017, JKLLC entered into a Negotiable Promissory Note and Security Agreement with CCG in which CCG loaned JKLLC the principal amount of $174,168 in return for a security interest in JKLLC's construction equipment and other assets. CCG perfected its security interest in those assets that same month. In March, 2018, JDHE entered into a similar arrangement with CCG in which CCG loaned JDHE the principal amount of $199,512 in return for a security interest in JDHE's construction equipment and other assets. CCG perfected its security interest in those assets the same month.

At some point, plaintiff made loans to JDHE and JKLLC which are secured by interests in those companies' construction equipment and other assets. The outstanding balances of those loans are $103,771 and $148,609, respectively. Plaintiff's interest in that equipment was perfected in September, 2018, making her a junior creditor to CCG.

In June, 2018, JKLLC was placed into bankruptcy via an involuntary petition in United States Bankruptcy Court for the District of Massachusetts and a Chapter 7 Trustee was appointed that same month. That bankruptcy proceeding is ongoing. In September, 2018, JDHE allegedly defaulted under the terms of its

loan agreement by failing to remit required monthly payments. JDHE disputes the circumstances of that alleged default. In December, 2018, CCG repossessed the JDHE equipment and moved it to Raynham, Massachusetts, to be sold, along with the JKLLC equipment, at a public auction conducted by Lyon & Son.

On or about January 19, 2019, plaintiff received notice of the public auction of both the JDHE and the JKLLC equipment which was to take place on January 25, 2019. Joe Kerrissey decided to attend the sale in order to observe the auction and bid on the JDHE and JKLLC equipment. At no time before the auction was Mr. Kerrissey made aware that he would not be allowed to bid on certain items. When Mr. Kerrissey arrived at the auction site, he was initially denied registration to bid and was told that there was a hold on his personal and JDHE accounts with Lyon & Son. He spoke with Mr. Lyon and was told that he could stay and bid on the equipment by raising his hand.

Glenn Gillis attended the auction and registered to bid on behalf of JED Holding, LLC. JED Holding, LLC leased space to JDHE in Brockton, Massachusetts, for the storage of construction equipment. The owner of JED Holding, LLC is the wife of Joe Kerrissey and plaintiff's daughter-in-law. At no time prior to the auction was Mr. Gillis made aware that he would be restricted from bidding on certain pieces of equipment.

When the auction began, Mr. Kerrissey was the successful bidder on a minor item for which he agreed to pay $900. When Mr. Kerrissey attempted to place a bid on the first piece of JDHE equipment, however, Mr. Lyons stopped the bidding and allegedly told those who were present that a court order gave him discretion over who could and could not bid on the JDHE and JKLLC equipment. Mr. Kerrissey was thereafter prevented from bidding on any of that equipment. Defendants submit that the subject order was a Stipulated Order Granting Relief from the Automatic Stay entered in JKLCC's bankruptcy proceeding. It permitted CCG to exercise its rights to conduct a public sale of the collateral after a certain period of time. That order did not, however, include restrictions on who could or could not bid at the public auction.

At some point, Mr. Gillis bid on a piece of JDHE equipment which he initially won at a price of $58,000. After a discussion between representatives of the defendants, however, Mr. Lyon rejected the bid and announced that the piece of equipment was "going to New Hampshire" at a price of $57,000 without indicating who had placed the winning bid.

Mr. Gillis and Mr. Kerrissey were subject to other restrictions to which they protested whereupon they were asked to leave the auction and they were eventually directed to leave by the Raynham police. Following the auction, both Mr.

Kerrissey and Mr. Gillis called Lyon & Son to arrange payment for the items that they had won but neither has received an invoice for those items.

At the auction the JDHE equipment sold for approximately $95,000 and the JKLLC equipment for approximately $140,000 leaving an aggregate of about $140,000 outstanding on CCG's two senior loans.  Plaintiff and Mr. Kerrissey contend that the equipment was sold for way below its fair market value and that but for 1) the exclusion of bids, 2) the refusal of bid registration, 3) the lack of uniform requirements for the bidders and 4) reference to the allegedly non-existent court order, that equipment would have sold at a significantly higher price.  Plaintiff submits that, as a junior secured creditor, she has suffered damages as a result of the auction sale beyond the difference between the fair market value of the equipment and CCG's interest therein.

**C.   Procedural History**

On February 7, 2019, plaintiff filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction.  The Court denied plaintiff's motion for a temporary restraining order on February 8, 2019, and ordered plaintiff to give requisite notice to defendants of a hearing on her motion for a preliminary injunction.  That hearing was held on February 13, 2019.

In her motion, Kerrissey requests a preliminary injunction 1) to enjoin the consummation of certain sales of heavy equipment from the auction, 2) to void the sales from the auction to the extent that payment has not already been received or that the sales were made to persons affiliated with defendants, 3) to order defendants to conduct a second auction in compliance with applicable law and/or 4) to allow plaintiff or JDHE sufficient time to pay off the outstanding balance of the loans in exchange for a release of CCG's interest in the heavy equipment.

### D. Parties' Arguments

Plaintiff submits that she has satisfied the requirements for a preliminary injunction. First, she claims that she has a reasonable likelihood of success on the merits of her state law claims because, under Massachusetts law, CCG and Lyon & Son are required to conduct an auction of secured collateral in a commercially reasonable manner which they did not do. Specifically, she contends that the restrictions imposed upon some but not all bidders, the rejection of some of the bids, and the misrepresentations related to a fictitious court order rendered the purportedly public auction commercially unreasonable. Furthermore, plaintiff asserts that those same practices constitute unfair and deceptive conduct in violation of M.G.L. c. 93A. Finally, plaintiff proclaims that some of the

winning bidders were actually affiliated with the defendants, and thus those sales are void.  Plaintiff cites no case law, however, in support of any of her state law claims.

Second, plaintiff alleges that she will be irreparably harmed if a preliminary injunction is not entered because after that equipment is sold, she will lose her security interest in it thereby jeopardizing her chances of recovering on her loans to JDHE and JKLLC.

Defendants respond that plaintiff cannot satisfy the requirements for preliminary injunctive relief because 1) she has not shown that she will suffer irreparable harm, 2) she has not demonstrated a reasonable likelihood of success on her state law claims and 3) the requested injunctive relief is not in the public interest.  Defendants assert that the appropriate remedy for a commercially unreasonable secured party sale is money damages in the amount of any excess proceeds that would have been generated had the sale been properly conducted, after all senior lienholders have been paid.  Defendants submit that not only has plaintiff failed to allege the amount that should have been realized from a properly-conducted auction of the construction equipment but also she has failed to estimate the fair market value of the purported remaining collateral.

Furthermore, defendants suggest that the imposition of a preliminary injunction is not in the public interest because it

would adversely affect the rights of bonified purchasers of the equipment. Finally, defendants assert that the plaintiff has available an adequate remedy at law which ultimately militates against the entry of a preliminary injunction.

**II. Plaintiff's Motion for a Preliminary Injunction**

**A. Legal Standard**

In order to obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007). Out of these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976)). The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction. See Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986). Ultimately, the issuance of preliminary injunctive relief is "an extraordinary and drastic

remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

**B.  Application**

**1.  Likelihood of Success**

Plaintiff cites no case law in support of her state law claims and thus it is difficult to assess her likelihood of success on those claims. At the hearing, plaintiff argued that defendant has failed to rebut her factual allegations with respect to the conduct of the auction but that does not shift the burden to defendants to prove that she does not have a reasonable likelihood of success on her claims. Rather, the burden is on the plaintiff to prove such a likelihood and she has failed to meet that burden.

**2.  Potential for Irreparable Harm**

The second element for consideration, namely proof of irreparable harm, weighs heavily against plaintiff. To demonstrate irreparable harm, plaintiff must establish that monetary damages would be insufficient. Oxford Immunotec Ltd. v. Qiagen, Inc., 271 F. Supp. 3d 358, 368 (D. Mass. 2017).

Kerrissey has made no showing that monetary damages would be insufficient to remedy her alleged harm. She makes no attempt to quantify the fair market value of the subject

equipment or what it could have been reasonably expected to fetch at auction. There is, therefore, no evidence that there would have been excess proceeds from those sales to pay off her loan after the senior lienholder was made whole. Nor does plaintiff credibly demonstrate that there is still equipment in defendants' possession that will be sold at below market value in the absence of injunctive relief or that she has insufficient collateral in her son's other property to make her whole.

Finally, and perhaps most importantly, plaintiff does not clearly explain why CCG or Lyon & Son would not be able to satisfy any judgment to which she may become entitled if she proves that the subject equipment was sold at a commercially unreasonable auction. For those reasons, Kerrisey has not satisfied her burden of establishing irreparable harm and thus her motion for preliminary injunctive relief will be denied.

## ORDER

For the forgoing reasons, plaintiff's motion for a preliminary injunction (Docket No. 4) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 14, 2019